# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| RHANA W., | ) |
|           **Plaintiff** | ) |
| v. | )    No. 2:22-cv-00004-JDL |
| KILOLO KIJAKAZI,<br>Acting Commissioner of<br>Social Security, | ) |
|           **Defendant** | ) |

## REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal contends that remand is warranted because the Administrative Law Judge (ALJ) assessed a residual functional capacity (RFC) unsupported by substantial evidence and the Appeals Council made an egregious error in declining to review the ALJ's decision. *See* Statement of Errors (ECF No. 11). For the reasons that follow, I recommend that the Court affirm the Commissioner's decision.

### I. Background

The Plaintiff filed applications for benefits in the summer of 2019. *See* Record at 183-97. After her claims were denied at the initial and reconsideration levels, the Plaintiff requested a hearing before an ALJ. *See id*. at 92-101, 104-21, 144-46. That hearing ultimately took place in November 2020, after which the ALJ issued a decision finding that the Plaintiff had the severe impairments of inflammatory arthritis, osteoarthritis, obesity, and depressive disorder. *See id*. at 28-42, 48-77.

1

The ALJ found that the Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that she was limited to two hours of standing or walking during an eight-hour workday; could frequently push and pull with her bilateral lower extremities; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs; could not climb ladders, ropes, or scaffolds; and could not work at unprotected heights or on slippery or uneven surfaces. *See id.* at 35. The ALJ also assessed several nonexertional limitations. *See id.* Based on vocational testimony that a significant number of jobs were available to a person with the Plaintiff's RFC, the ALJ found her not disabled. *See id.* at 40-41. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive

when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

#### A. The ALJ's RFC Determination

The Plaintiff contends that the ALJ should have included greater RFC limitations to account for her arthritis-related pain, stiffness, and weakness in her upper and lower extremities and argues that his failure to do so indicates that he overlooked her symptoms. *See id.* at 13-14. In support of this argument, she cites various medical records detailing her arthritis-related symptoms and diagnoses. *See id.* at 11-13 (citing Record at 327, 410, 454, 485-86, 507, 512, 538-39, 579-80, 585-86, 601-02). She also argues that the ALJ should have limited her to sedentary work in accordance with the opinion of agency nonexamining consultant, Archibald Green, D.O. *See id.* at 14-15.

I find these points of error unavailing.

As initial matter, the ALJ recounted the Plaintiff's arthritis treatment history in great detail in his decision and expressly cited many of the records that she now contends he must have ignored. *See* Record at 36-37. The Plaintiff does not acknowledge this fact or otherwise engage with the ALJ's reasoning; she merely suggests different conclusions that the ALJ might have been drawn from her treatment records. *See* Statement of Errors at 11-14. That the ALJ did not ultimately draw the conclusions that the Plaintiff would have liked from her treatment records is not cause for remand. *See Becky K. G. v. Saul*, No. 1:20-cv-00089-GZS,

3

2020 WL 7418974, at *5 (D. Me. Dec. 17, 2020) (rec. dec.) ("That the record could arguably support a different conclusion does not entitle the plaintiff to remand; it is for the ALJ, not the court, to draw conclusions from the evidence and to resolve any conflicts therein."), *aff'd*, 2021 WL 66609 (D. Me. Jan. 7, 2021).

Furthermore, Dr. Green also reviewed many of the Plaintiff's arthritis-related treatment records on reconsideration, determined that she suffered from severe inflammatory arthritis and osteoarthrosis and allied disorders, and assessed a physical RFC largely identical to the one assessed by the ALJ. *Compare* Record at 104-09, 113-18, *with id.* at 35.

The Plaintiff argues that Dr. Green's opined two-hour standing and walking limitation effectively limited her to sedentary work and that the ALJ was therefore wrong to assess a light work RFC. Statement of Errors at 14-15. She points out that "the full range of light work requires standing or walking, off and on, for a total of approximately [six] hours of an [eight]-hour workday." *Id.* at 14 (quoting SSR 83-10, 1983 WL 31251, at *6 (1983)).

The fundamental flaw in the Plaintiff's argument is that the ALJ did not find that she had the RFC to perform the full range of light work; instead, he found that she was capable of a reduced range of light work given the limitations assessed by Dr. Green. *See Hensley v. Colvin*, No. 5:13-CV-27810, 2015 WL 566626, at *18 (S.D. W. Va. Feb. 10, 2015) ("SSR 83-10 set outs the definition for the *full range* of light work. The ALJ did not find that Claimant could perform the full range of light work; rather the ALJ found that Claimant could perform a reduced range of light

4

work given his [two-hour] standing and walking limitation." (citation omitted)). In such circumstances, the ALJ was not obligated to find the Plaintiff limited to sedentary work. *See Hence v. Astrue*, No. 4:12cv1, 2012 WL 6691573, at *8 (E.D. Va. Nov. 30, 2012) (rec. dec.) ("[A]n RFC limiting standing or walking to about two hours does not mandate a finding that [the claimant] could *only* perform sedentary work."), *aff'd*, 2012 WL 6697109 (E.D. Va. Dec. 21, 2012); *Duffy v. Saul*, No. 18-cv-12342-DJC, 2020 WL 871576, at *6 (D. Mass. Feb. 21, 2020) ("Having a light work RFC with additional limitations . . . does not require that [the claimant] be limited to sedentary work.").[1]

The Plaintiff also contends—with little elaboration—that Dr. Green's opinion was "contradicted by other evidence in the record." *See* Statement of Errors at 16. Even setting aside the perfunctory nature of this argument, I am not in a position, as a layperson, to second guess Dr. Green's interpretation of the Plaintiff's medical records. *Cf. Russell B. v. Berryhill*, No. 1:17-cv-00418-JHR, 2018 WL 5258615, at *3 (D. Me. Oct. 21, 2018) (noting that courts lack the expertise necessary to second guess an expert's interpretation of medical evidence except where the error is plain). And to the extent that the Plaintiff suggests that Dr. Green lacked the benefit of later-submitted evidence, she fails to cogently explain how such evidence would have necessarily altered his opinion in her favor. *See O'Bannon v. Colvin*,

---

[1] As the Commissioner reasonably explains, the state agency likely applied the sedentary work grid on reconsideration because Dr. Green opined that the Plaintiff could not perform the full range of light work. *See* Opposition (ECF No. 13) at 7 n.2; Record at 111, 120. In contrast to the state agency, the ALJ relied on the testimony of a vocational expert that there would be work available to someone with the Plaintiff's specific RFC. *See* Record at 41, 73-74.

5

No. 1:13-cv-207-DBH, 2014 WL 1767128, at *7 (D. Me. Apr. 29, 2014) (holding that a claimant must demonstrate how evidence unseen by medical experts "would necessarily have altered their opinions in a manner favorable to the" claimant in order to obtain remand on that basis).

At bottom, the Plaintiff has not shown that the ALJ was wrong to rely on Dr. Green's opinion and, therefore, Dr. Green's opinion serves as substantial evidence supporting the ALJ's RFC assessment. *See Nathaniel-Bishop W. B. v. Kijakazi*, No. 1:20-cv-00323-JAW, 2021 WL 4147245, at *5 (D. Me. Sept. 12, 2021) (rec. dec.), *aff'd*, 2021 WL 5750391 (D. Me. Dec. 2, 2021).

### B. The Appeals Council

In requesting review of the ALJ's decision, the Plaintiff submitted additional evidence to the Appeals Council, including the results of a January 2021 MRI of her lumbar spine. *See* Record at 85-89. The Appeals Council declined review, finding that the additional evidence did "not show a reasonable probability that it would change the outcome of the [ALJ's] decision." *Id.* at 2.

The Plaintiff challenges the Appeals Council's finding, arguing that her MRI results showed "significant and worsening degenerative disc disease" that directly refuted the ALJ's conclusion that the record lacked objective medical evidence showing that her back pain constituted a medically determinable impairment. Statement of Errors at 7-11. She contends that if the ALJ had seen her MRI results

he most likely would have found her to be suffering from severe degenerative disc disease and assessed a more limiting RFC.  *See id.* at 10-11.

Although courts may review an Appeals Council decision declining review, the Appeals Council has "a great deal of latitude in deciding which cases should be reviewed" and its assessments are owed "great deference." *Mills v. Apfel*, 244 F.3d 1, 5-6 (1st Cir. 2001).  As such, when "the Appeals Council concludes that [newly-submitted] evidence does not raise a reasonable probability of a different outcome on remand, that conclusion is reviewed in terms of whether the Appeals Council was egregiously mistaken." *Kenneth T. v. Saul*, No. 1:20-cv-00097-JDL, 2021 WL 1087806, at *4 (D. Me. Mar. 22, 2021) (rec. dec.), *aff'd*, 2021 WL 1792055 (D. Me. May 5, 2021) (cleaned up).

Here, although the Plaintiff's MRI results showed worsening diagnoses relating to her back problems, they did not include any indication as to whether or how such diagnoses would affect the Plaintiff's ability to perform work activities. *See* Record at 87-89.  This lack of detail undermines the Plaintiff's suggestion that the MRI results would have necessitated greater limitations because diagnosis alone does not establish the severity of a condition or the work-related limitations that might flow from the condition.  *See Dowell v. Colvin*, No. 2:13-cv-246-JDL, 2014 WL 3784237, at *3 (D. Me. July 31, 2014) ("[A] diagnosis of degenerative disc disease, standing alone, does not establish the severity of the disease nor the limitations that  result for a particular individual.").  In such circumstances, the Appeals Council was not egregiously mistaken in concluding that the MRI results

7

were unlikely to change the ALJ's decision. *Cf. Kenneth T.*, 2021 WL 1087806, at *4 (holding that the Appeals Council was not egregiously mistaken in its assessment that newly submitted medical records were unlikely to change the outcome on remand where the records included additional findings but did "not include an opinion as to how" the claimant's condition "would reduce his capacity to engage in work activity").

### IV.  Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: November 22, 2022

                                                /s/ Karen Frink Wolf
                                                United States Magistrate Judge